UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES WHITSON, <br> # 471191, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | No. 3:17-cv-00951 <br> CHIEF JUDGE CRENSHAW |
| v. | ) <br> ) | |
| CORECIVIC, | ) <br> ) | |
| Defendant. | ) | |

# MEMORANDUM

James Whitson, an inmate of the Metro-Davidson County Detention Facility in Nashville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against CoreCivic, alleging violations of his civil rights based on a recent outbreak of scabies at the facility. (Doc. No. 1). The complaint does not seek monetary damages; liberally construing the complaint, the relief sought by the Plaintiff is treatment for his condition and a change of CoreCivic policies at the Metro-Davidson County Detention Facility concerning incoming inmate screening and the treatment of inmates with scabies.

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

1

governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

II.     **Section 1983 Standard**

2

Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III. Alleged Facts

According to the complaint, the Plaintiff has been exposed to scabies[1] while incarcerated at a CoreCivic facility in Nashville, Tennessee. The complaint alleges that CoreCivic's lax screening of incoming inmates led to the scabies outbreak; CoreCivic initially ignored the scabies outbreak; CoreCivic failed to take steps to control the outbreak; CoreCivic failed to treat inmates and employees exposed to scabies; and the Plaintiff was threatened with solitary confinement if he complained about scabies or refused to sign paperwork presented by CoreCivic. The complaint further alleges that Defendant's refusal to treat the Plaintiff for scabies has led to the Plaintiff's continued suffering due to itching, rashes, and bumps on his neck and hands. According to the complaint, inmates with scabies are released into the general population without having been treated, further spreading the infestation to the public. (Doc. Nos. 1, 3).

### IV. Analysis

The complaint names one Defendant: CoreCivic, a Nashville-based private prison company.

---

[1] Scabies "is not an infection, but an infestation. Tiny mites . . . set up shop in the outer layers of human skin. The skin does not take kindly to the invasion. As the mites burrow and lay eggs inside the skin, the infestation leads to relentless itching and an angry rash." www.webmd.com/skin-problems-and-treatments/ss/slideshow-scabies-overview (July 13, 2017).

3

For liability under 42 U.S.C. § 1983, Plaintiff must prove the deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. Flagg Bros., Inc., v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 56 L.Ed.2d 185 (1978). Because CoreCivic performs a traditional state function in operating a state prison, CoreCivic acts under the color of state law. Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir.1996). However, unlike the state, CoreCivic is not entitled to Eleventh Amendment immunity and may be liable under § 1983 "if its official policies or customs resulted in injury to the plaintiff." O'Brien v. Mich. Dep't of Corr., 592 Fed. Appx. 338, 341 (6th Cir. 2014); see also Mason v. Doe, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

To hold CoreCivic liable, the Plaintiff cannot rely on the theory of respondeat superior or vicarious liability. Street, 102 F.3d at 818. Liability for failure to screen incoming inmates for scabies, failure to control the facility scabies outbreak, failure to treat inmates properly for their scabies infestations, and retaliation against inmates who complained about scabies attaches only if CoreCivic's policies were shown to be the "moving force" behind the Plaintiff's injuries. City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989). Here, liberally construing the *pro se* complaint, Plaintiff alleges that CoreCivic's policies, including those policies concerning the process of screening of incoming inmates for conditions such as scabies and the inadequate treatment of scabes-infested inmates, are responsible for the Plaintiff's injuries. Of course, what the Plaintiff claims are policies may not be policies and may not have resulted in the deprivation of the Plaintiff's constitutional rights. However, these particulars can be sorted out

4

during the development of this case. For purposes of the initial screening of the Plaintiff's claims against CoreCivic required by the PLRA, the Court finds that the complaint states non-frivolous Eighth Amendment claims against CoreCivic related to the 2016-17 scabies outbreak at the Metro-Davidson County Detention Facility in Nashville, Tennessee.

**V.  Conclusion**

In conclusion, the Court finds that the complaint states colorable Eighth Amendment claims pursuant to § 1983 against CoreCivic as set forth above. 28 U.S.C. § 1915A.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE